UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANENE TIMMS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:16-cv-00733-JAR |
| | ) |
| JOHNSON & JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies' (together "Johnson & Johnson defendants") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 6), Defendant Imerys Talc America, Inc.'s ("Imerys") Motion to Dismiss for Lack of Jurisdiction (Doc. 16), Plaintiffs' Motion to Remand (Doc. 18), and Plaintiffs' Motion to Stay Case or, in the Alternative, for Leave to Engage in Discovery on the Issue of Personal Jurisdiction (Doc. 20). For the following reasons, the Court will grant Plaintiffs' Motion to Remand (Doc. 18), and deny all other pending motions (Docs. 6, 16, 20).

**Background**

On April 4, 2016, Plaintiffs filed this action in the City of St. Louis Circuit Court. Their petition, as amended, alleges fourteen state law claims against Defendants arising out of the design, development, manufacture, testing, packaging, promotion, marketing, distribution, labeling and sale of Johnson & Johnson Baby Powder and Shower to Shower ("the talc products") (Doc. 9 at ¶¶ 1, 124-221). Plaintiffs allege that they or a decedent family member used the talc products for feminine hygiene purposes, and developed ovarian cancer as a result

1

(Id. at ¶ 99-100). Plaintiffs are 80 unrelated individuals who are citizens of Alaska, Arizona, Arkansas, California, Florida, Georgia, Illinois, Iowa, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wisconsin (Id. at ¶¶ 2-81).

On May 20, 2016, Defendants removed the action to this Court on the basis of diversity jurisdiction. The parties, however, are not diverse. One plaintiff and the Johnson & Johnson defendants are citizens of New Jersey; and three plaintiffs and Imerys are citizens of California (Doc. 1 at ¶¶ 34, 58, 66, 78, 82, 84, 86). Despite the lack of complete diversity on the face of the complaint, Defendants have moved to dismiss the claims of the 77 out-of-state plaintiffs for lack of personal jurisdiction, or alternatively, for improper venue, arguing that the Court should address the issues of personal jurisdiction and venue, before it reaches the issue of subject matter jurisdiction (Docs. 6, 16).

Plaintiffs move to remand the case to state court, arguing that removal based on diversity jurisdiction was improper because the Court lacks subject matter jurisdiction, as the parties are not completely diverse (Docs. 18-19). The Johnson & Johnson defendants oppose remand, arguing that the non-Missouri Plaintiffs have been "fraudulently joined" to defeat diversity jurisdiction, and that their citizenship should thus be disregarded for purposes of determining diversity jurisdiction (Doc. 23 at 7-14). Plaintiffs have also moved to stay the case, which the Johnson & Johnson defendants oppose, should the Court decide to reach the issue of personal jurisdiction first, to allow Plaintiffs to conduct discovery on that issue (Docs. 20, 24).

**Discussion**

It is clearly within the Court's discretion whether to decide issues of personal or subject matter jurisdiction first. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999) (recognizing that where, as here, the issue of subject matter jurisdiction is straightforward, "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first."). Here, the Court declines to rule on issues of personal jurisdiction first, as the inquiry regarding subject matter jurisdiction is not arduous, and the issues of personal jurisdiction and venue would require a more fact-intensive inquiry. See Curtis Henderson v. Combe Inc., Case No. 4:16-CV-283-RWS, ECF No. 10 (E.D. Mo. Mar. 24, 2016) (citing Ruhrgas, 526 U.S. at 587-88).

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." 28 U.S.C. § 1441(a); In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The party invoking jurisdiction bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

Federal district courts generally have original jurisdiction in civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing 28 U.S.C. § 1332(a)(1)). Diversity jurisdiction also requires complete diversity of the

3

parties, i.e., that no defendant hold citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

Here, the Johnson & Johnson defendants assert that this case falls within the fraudulent misjoinder doctrine. "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." Prempo, 591 F.3d at 620. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. Fraudulent misjoinder is a more recent exception to the complete diversity rule. As explained by the Eighth Circuit, "[f]raudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." Id. While acknowledging the fraudulent misjoinder doctrine, the Eighth Circuit has expressly declined to adopt or reject it. Id. at 622.

In Prempro, the plaintiffs sued many different manufacturers of hormone replacement therapy ("HRT") drugs, alleging they (or a decedent family member) had developed breast cancer from taking the drugs. As in the present case, the defendant manufacturers removed the Prempro action to federal district court, arguing that plaintiffs had fraudulently misjoined their claims, as they did not arise out of the same transaction or occurrence as required under Federal Rule of Civil Procedure 20(a). The Prempro defendants argued that plaintiffs were residents of different states, were prescribed different HRT drugs, by different doctors, in different amounts, and that they had suffered different injuries. Id. at 618. While the district court agreed that the plaintiffs' claims had been misjoined under Rule 20(a), the Eighth Circuit reversed, concluding that the defendant manufacturers had not established that the plaintiffs' claims were "egregiously misjoined." Id. at 623. The Eighth Circuit explained that, despite all the differences between

plaintiffs' claims, they were nevertheless "logically related because [the plaintiffs] each developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs." Id. The Eighth Circuit identified several common questions of law and fact among the Prempro claims, including the causal link between HRT drugs and breast cancer, and whether the manufacturers knew of the dangers of HRT drugs. According to the Eighth Circuit, even if it were to adopt the fraudulent misjoinder doctrine, the Prempro plaintiffs' alleged misjoinder was not so egregious as to fall within the doctrine. Id. at 622.

The facts of this case are essentially indistinguishable from Prempro, as well as other nearly identical cases Defendants have previously sought to remove to this Court. The Court agrees with Judge Jean C. Hamilton, who wrote:

> Plaintiffs have alleged joint action between the Defendants in the manufacturing, testing, promoting, warning, marketing, and selling of products containing talcum powder. They claim that the main substance in talcum powder has long been linked with an increased risk of ovarian cancer, that Defendants at least should have known about that increased risk, and that Defendants acted in concert to conceal the information from customers. Plaintiffs have all allegedly used talcum powder in a similar manner, albeit for different periods of time, and they have all allegedly developed ovarian cancer as a result. While the [Johnson & Johnson defendants] are correct that there may be some differences between each of the [plaintiffs'] claims, the similarity to the facts in Prempro requires the conclusion that there is a logical connection between the claims such that the fraudulent misjoinder doctrine, even if it were adopted, is inapplicable.

Hogans v. Johnson & Johnson, No. 4:14-cv-1385, 2014 WL 4749162, at *3 (E.D. Mo. Sept. 24, 2014) (remanding action to state court); see also Swann v. Johnson & Johnson, 4:14-cv-1546 (E.D. Mo. Dec. 3, 2014) (same).

As courts in this District have found, the joinder of plaintiffs alleging injury from a single product is not "egregious," because common issues of law and fact connect such plaintiffs' claims. See e.g., Douglas v. GlaxoSmithKline, LLC, No. 4:10-cv-971 (CDP), 2010 WL

2680308, at *2 (E.D. Mo. July 1, 2010) (Avandia®); S.L. v. Pfizer, Inc., No. 4:12-cv-420 (CEJ) (E.D. Mo. Apr. 4, 2012) (Zoloft®); T.F. v. Pfizer, Inc., No. 4:12–CV–1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012) (Zoloft®); Valle v. Ethicon, Inc., No. 4:13-CV-798 (RWS) (E.D. Mo. Apr. 29, 2013) (transvaginal mesh products).

In this case, Plaintiffs have filed suit against Defendants for injuries that allegedly were caused by talc products and that allegedly arose out of Defendants' design, development, manufacture, testing, packaging, promotion, marketing, distribution, labeling and sale of those products. Plaintiffs' claims are just as logically connected to one another as were the Prempro plaintiffs' claims. As in Prempro, common questions of law and fact are likely to arise in this action, including the causal link between talcum powder and ovarian cancer, whether Defendants knew of the alleged danger, and the terms of any express or implied warranties given by Defendants. Because Plaintiffs all allege injuries arising out of the use of talcum powder and its connection to ovarian cancer, the Court cannot say that Plaintiffs' claims have no logical connection to each other such that they are "egregiously misjoined." Prempro, 591 F.3d at 623. In short, Plaintiffs' claims are sufficiently related to support joinder in this case, and the Johnson & Johnson defendants have failed to meet their burden of demonstrating diversity of citizenship as required by 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction over this matter, and will remand the case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the Johnson & Johnson defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 6) is **DENIED without prejudice as moot.**

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Stay Case or, in the Alternative, for Leave to Engage in Discovery on the Issue of Personal Jurisdiction (Doc. 20) is **DENIED without prejudice as moot.**

Dated this 11th day of July, 2016.

                                                **JOHN A. ROSS**
                                              **UNITED STATES DISTRICT JUDGE**